IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Z. J., a minor, by and through her next friend Je'taun Jones,<br><br>    Plaintiff,<br><br>v.<br><br>KANSAS CITY BOARD OF POLICE COMMISSIONERS through Its Members, ALVIN BROOKS, MICHAEL RADER, ANGELA WASSON-HUNT, SYLVESTER JAMES and LELAND SHURIN,<br>**To be served at: 1125 Locust Street Kansas City, MO 64106;**<br><br>JASON RUSLEY<br>in his official capacity,<br>**To be served at: 1125 Locust Street Kansas City, MO 64106;**<br><br>MICHAEL JONES<br>in his official capacity,<br>**To be served at: 1125 Locust Street Kansas City, MO 64106;**<br><br>BARBARA ECKERT<br>in her official capacity,<br>**To be served at: 1125 Locust Street Kansas City, MO 64106;**<br><br>CALEB LENZ<br>in his official capacity,<br>**To be served at: 1125 Locust Street Kansas City, MO 64106;**<br><br>WILLIAM NAUYOK<br>in his official capacity,<br>**To be served at: 1125 Locust Street Kansas City, MO 64106;** | Case No.: _____ |

| | |
|---|---|
| ERIC ENDERLIN<br>in his official capacity,<br>**To be served at: 1125 Locust Street**<br>**Kansas City, MO 64106;** | )<br>)<br>)<br>)<br>) |
| CHARLES EVANS<br>in his official capacity, and<br>**To be served at: 1125 Locust Street**<br>**Kansas City, MO 64106;** | )<br>)<br>)<br>)<br>) |
| ROBERT JORGEONSEN<br>in his official capacity,<br>**To be served at: 1125 Locust Street**<br>**Kansas City, MO 64106;** | )<br>)<br>)<br>)<br>)<br>) |
| ROBERT MCLAUGHLIN<br>in his official capacity,<br>**To be served at: 1125 Locust Street**<br>**Kansas City, MO 64106;** | )<br>)<br>)<br>)<br>)<br>) |
| VENASA RAY<br>in her official capacity,<br>**To be served at: 1125 Locust Street**<br>**Kansas City, MO 64106;** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

COME NOW Plaintiff Z. J., a minor, by and through Je'taun Jones, her next friend, and for her Petition for Damages against Defendants Kansas City Board of Police Commissioners, members Alvin Brooks, Michael Rader, Angela Wasson-Hunt, Sylvester James, Leland Shurin and officers Jason Rusley, Michael Jones, Barbara Eckert, Caleb Lenz, William Nauyok, Eric Enderlin, Charles Evans, Robert Jorgeonsen, Venasa Ray, and Robert McLaughlin allege and states as follows:

## PARTIES

1.      Plaintiff is, and at all times relevant to this complaint was, a minor and an individual and a citizen of the United States and resident of the state of Missouri, with principal place of residence in Kansas City, Jackson County, Missouri at 11812 Bristol Avenue, Kansas City, Missouri 64134.

2.      Defendant Kansas City Board of Police Commissioners (hereinafter, "Defendant Board") is an entity created and established under the laws of the State of Missouri to operate a law enforcement agency, the Kansas City, Missouri Police Department ("KCPD") . It may be served at 1125 Locust Street, Kansas City, MO 64106.

3.      Defendants Alvin Brooks, Michael Rader, Angela Wasson-Hunt, Sylvester James, and Leland Shurin are members of the Kansas City Board of Police Commissioners and they are authorized to be served in their official capacities pursuant to §84.350, et. seq. RSMo. They can be served through that entity at 1125 Locust Street, Kansas City, MO 64106. Defendants Board of Police Commissioners, Brookes, Rader, Wasson-Hunt, James, and Kenner are referred to collectively as the "Board Defendants."

4.      At all times relevant herein, Defendant Jason Rusley is and was a resident of the state of Missouri and was acting under color of state law in his official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Rusley is sued in his official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

5.      At all times relevant herein, Defendant Barbara Eckert is and was a resident of the state of Missouri and was acting under color of state law in her official capacity as a law

enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Eckert is sued in her official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

6. At all times relevant herein, Defendant Caleb Lenz is and was a resident of the state of Missouri and was acting under color of state law in his official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Lenz is sued in his official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

7. At all times relevant herein, Defendant William Nauyok is and was a resident of the state of Missouri and was acting under color of state law in his official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Nauyok is sued in his official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

8. At all times relevant herein, Defendant Eric Enderlin is and was a resident of the state of Missouri and was acting under color of state law in his official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Endlend is sued in his official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

9. At all times relevant herein, Defendant Charles Evans is and was a resident of the state of Missouri and was acting under color of state law in his official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Evans is sued in his official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

10. At all times relevant herein, Defendant Robert Jorgeonsen is and was a resident of the state of Missouri and was acting under color of state law in his official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Jorgeonsen is sued in his official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

11. At all times relevant herein, Defendant Michael Jones is and was a resident of the state of Missouri and was acting under color of state law in his official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Jones is sued in his official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

12. At all times relevant herein, Defendant Venasa Ray is and was a resident of the state of Missouri and was acting under color of state law in her official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant Ray is sued in her official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

13. At all times relevant herein, Defendant Robert McLaughlin is and was a resident of the state of Missouri and was acting under color of state law in his official capacity as a law enforcement officer employed by Defendant Kansas City Board of Police Commissioners. Defendant McLaughlin is sued in his official capacity and can be served through that entity at 1125 Locust Street, Kansas City, MO 64106.

14. Defendants Rusley, Eckert, Lenz, Nauyok, Enderlin, Evans, Jorgeonsen, Jones, McLaughlin and Ray are referred to collectively as "Police Officer Defendants."

## JURISDICTION AND VENUE

15. Jurisdiction is conferred by 28 U.S.C. §1343, which provides for original jurisdiction of this Court in suits authorized under 42 U.S.C. §1983, to redress the deprivation (under color of state law, statute, ordinance, regulation, custom or usage) of any right, privilege, or immunity secured by the Constitution of the United Sates or by any act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States.

16. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), which provides that venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Substantial events and omissions articulated in this Petition occurred in Jackson County, Missouri.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

18. This action concerns the Police Officer Defendants' execution of a search warrant at 11812 Bristol Avenue, Kansas City, Missouri 64134 (the "residence") on November 3, 2010. At the time, Plaintiff Z. J., who was two years old, lived at this residence, which was owned by her parents, Je'taun and Lemondray Jones along with her adult cousin, grandmother, and aunt.

19. On November 3, 2010 at 3:00 p.m. Detective Mike Jones applied for a warrant for search and seizure of property at 11812 Bristol Avenue, Kansas City, Missouri 64134 to search for evidence connected with the death of Nina Whitney, swearing in the attached affidavit that address was the residence of Lee Charles.

20. In reality, Mr. Charles did not live at that address, and had not lived there in four months.

21. On November 3, 2010, at approximately 3:00 p.m. a search warrant was issued by Judge Gillis of the Jackson County Missouri Circuit Court.

22. The warrant allowed search and seizure of property, specifically cell phones and cell phone chargers as described by the victim's family, clothing, shoes, or knives with trace evidence, items that could be used for strangulation with trace evidence, and a set of keys as described by victim's family.

23. Lee Charles was arrested by officer Lantz of the Kansas City Missouri Police Department, and Defendant Eckert was contacted to sign the Investigation Arrest Approval Form for Mr. Charles.

24. By 3:35 p.m. that same day, Lee Charles had been apprehended and was booked into jail in connection with this investigation by officers of the Kansas City Missouri Police Department including Defendant Eckert.

25. The "Tactical Response" or SWAT team of the Kansas City Missouri Police Department was assigned to execute the warrant on the Jones home.

26. 3 ½ hours after Mr. Charles had been apprehended, at approximately 7:00 p.m., the search warrant was executed at the Jones home by officers of the Kansas City Missouri Police Department including Defendant Eckert.

27. At the time the warrant was executed, Mr. Charles was in Kansas City Missouri Police Department custody in the Jackson County Jail, and had been for 3 ½ hours.

28. Je'taun and Lemondray Jones were both at work when the warrant was executed, and Plaintiff Z. J. was home and in the care of her adult cousin, Carla Brown.

29. As Mr. Charles was already in custody, the Police Officer Defendants had no reason to believe any of the occupants of the Jones home posed a threat to the officers' safety.

30. Upon arriving, the Police Officer Defendants made contact with Brown at the doorway, which featured two individual doors, an inner wooden door and an outer metal door.

31. When Brown looked out the window, she saw the Police Officer Defendants already attempting to open the outer door. She dangled the keys to indicate that they did not need to break down the door.

32. Z. J. was playing alone in the basement and her grandmother was in a hospital bed upstairs with another family member, Leona Smith, who was there to care for her.

33. Instead of waiting for Ms. Brown, the Police Officer Defendants broke down the door, entered with weapons drawn, and immediately threw a "flash bang grenade" into the living room area of the residence.

34. The grenade ignited drapes in the living room, which caused a fire that damaged the Jones home.

35. Officers then placed Ms. Brown and Ms. Smith in handcuffs and pulled Mrs. Laverne Charles onto the floor in an attempt to handcuff her, but the police were unsuccessful in their attempts to handcuff her because of her physical limitations.

36. When the Police Officer Defendants were told that Lee Charles had not lived at the residence for more than four months, they ended their search and left, not before their actions damaged Je'taun Charles Jones and Lemondray Jones' real estate, destroyed many items of their personal property and caused physical and emotional damages to Plaintiff Z. J., including but not limited to emotional distress that continues to the present day.

37. Lee Charles was eventually cleared of any connection with the murder for which he was investigated.

### COUNT I — EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

### (Against the Police Officer Defendants)

38. Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

39. The conduct alleged in this Complaint violated clearly established federal and state protected rights of which every reasonably competent official in Defendants' respective positions would have or should have been aware. As to Defendants' actions and omissions toward Plaintiff, there was no objectively reasonable reliance on existing law.

40. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

41. Plaintiff in this action is a citizen of the United States and the Police Officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

42. The Police Officer Defendants, at all times relevant hereto, were acting under the color of state law in their capacity as Kansas City police officers and their acts or omissions were conducted within the scope of their official duties or employment.

43. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable search through excessive force.

44. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

45. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

46. The Police Officer Defendants acted in concert and joint action with each other.

47. The Police Officer Defendants are not entitled to qualified immunity for the complained of conduct.

48. The Police Officer Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

49. The Police Officer Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's Fourth Amendment rights.

50. The Police Officer Defendants engaged in actions and use of force, as described herein, were intentional and/or involved reckless disregard for human health or safety, were reprehensible, and demonstrated a deliberate indifference to Plaintiff's federally protected rights. The Police Officer Defendants' use of force was wrongful and unconstitutional conduct that shocks the conscience and violated Plaintiff's Fourteenth Amendment rights.

51. None of the Police Officer Defendants took reasonable steps to protect Plaintiff from the objectively unreasonable, unconstitutional and conscience shocking excessive force of other Police Officer Defendants despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the force of each other officer.

52. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

53. The Police Officer Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's Fourth Amendment rights.

54. The Police Officer Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The Police Officer Defendants' use of force shocks the conscience and violated Plaintiff's Fourteenth Amendment rights.

55. None of the Police Officer Defendants took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Police Officer Defendants despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

56. The Police Officer Defendants engaged in the conduct described in this Petition willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

57. The Police Officer Defendants acted in concert and joint action with each other.

58. The acts or omissions of the Police Officer Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

59. The Police Officer Defendants are not entitled to qualified immunity for the complained of conduct.

60. The Police Officer Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

61. The acts or omissions of the Police Officer Defendants as described herein were intentional and demonstrated a reckless disregard for and caused a deprivation of Plaintiff's constitutional rights and caused her other damages.

62. As a direct and proximate result of the Police Officer Defendants' unlawful conduct, Plaintiff has suffered a violation of her constitutional rights and actual physical and emotional injuries and suffering, including other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Police Officer Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

63. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 as she will incur in this action, pre-judgment interest and costs as allowable by federal law.

64. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, plaintiff prays for judgment in excess of $75,000 to include actual and punitive damages in an amount determined reasonable by a jury, her attorney's fees pursuant to 46 U.S.C. §1988 and for all other costs herein incurred.

# COUNT II —DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
(As to Defendant Board)

65. Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

66. The Board's policies, customs, and practices including in the retention, training, discipline, and supervision of law enforcement officers encouraged and allowed those officers to violate plaintiff's constitutional rights and demonstrates a deliberate indifference to plaintiff's right to be free from unreasonable search and other constitutionally protected rights.

67. All of the acts or omissions of Police Officer Defendants took place under color of state law pursuant to, acting upon, and in concert with the policies, practices, procedures, patterns, decisions, instructions, orders, and customs of the Board and its members. The Board and its members are liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts or omissions while the employees and officers were acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members. All of these acts of omissions took place under circumstances where the Board and its members, as well as the police officer defendants, are liable as governmental entities, employees and sworn law enforcement officers in the State of Missouri. Defendants' liability is based upon allegations including but not limited to the following things, all of which demonstrate patterns of behavior and deliberate indifference to the issues raised in this Complaint and to the rights of citizens, all of which led to deprivations of rights, privileges and immunities secured by the federal and state constitutions as well as federal and state laws:

    a. Violation and deprivation of constitutional rights as set forth in this Complaint.

b. Inadequate training and instruction of employees on the proper use of police power, proper seizure, proper searches and investigation of alleged crime in the State of Missouri.

c. Inadequate supervision of employees as to the proper use of police power, proper seizure, proper searches and investigation of alleged crime in the State of Missouri.

d. Inadequate discipline of employees as to proper use of police power, proper seizure, proper searches and investigation of alleged crime in the State of Missouri.

e. Inadequate supervision, training and retention with resulting poor personnel decisions as to employees regarding the proper use of police power, proper seizure, proper searches and investigation of alleged crime in the State of Missouri.

f. Abuse of police power and arrest power on citizens of the United States of America;

g. Acquiescence in the notice of the actions and omissions described throughout this Complaint.

h. Failure to prevent and failure to thereafter discipline law enforcement officers and employees investigating alleged crimes allegedly committed by citizens of the State of Missouri.

i. Failure to take significant steps to prevent a known risk of improper search, excessive force, and property damage.

j. Taking aggressive law enforcement actions without first having met the standard of probable cause or exigent circumstances.

k. Tolerance of the misconduct of the Officer Defendants and failure to follow up and properly and thoroughly investigate the misconduct alleged against them in the community complaint made against them by Je'Taun Jones.

l. Deliberate indifference to and conscious disregard for the high risk that law enforcement officers would improperly use their influence as law enforcement officers and/or fail to protect against such improper influence in violation of Plaintiff's protected rights.

m. Failure to properly train and supervise officers in means of executing search warrants, including but not limited to, allowing the use of flash grenades in non-emergency situations during executions of search warrants for property.

n. Failure to adequately train and supervise officers to safely execute a search warrant without putting the occupants of a residence in danger.

o. Failure to adopt and properly implement policies with regard to search warrants to (1) respect the constitutional rights of the person the warrant is being served upon, (2) minimize the level of intrusion experienced by those who are having their premises searched, (3) provide for the safety for all persons concerned, and (4) establish a records of the warrant execution process.

p. Policies with regard to the use of flash grenades in the execution of search warrants which allow and encourage a violation of plaintiff's constitutional right to be free from unreasonable search in that it was the board's policy that flash

grenades may be used in all search warrant executions at the discretion of the officer.

68. These actions, omissions, policies, practices, procedures, patterns, decisions, orders and customs of Defendants were the cause of constitutional and other violations described in this Complaint.

69. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress ...

70. Plaintiff in this action is a citizen of the United States and the Police Officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

71. The Board Defendants, at all times relevant hereto, were acting under the color of state law in their capacity as members of the Kansas Board of Police Commissioners and their acts or omissions were conducted within the scope of their official duties or employment.

72. The Board had in effect, both before and at the time of the events alleged in this Complaint, policies, practices and customs which operated to deprive Plaintiff of her constitutional rights though the actions of the Police Officer Defendants.

73. The Board is liable under 42 U.S.C. § 1983 because it established policies and practices that were intended to, and did, encourage, reward and endorse its agents and employees to violate the constitutional rights of Plaintiff and other similarly situated persons. At a minimum, the Board Defendants were deliberately indifferent to such constitutional violations.

74. The Board engaged in unlawful and unconstitutional policies, practices and customs, including but not limited to, the following:

a. The failure to properly train and supervise officers in techniques of reliably investigating crimes or violations.

b. The failure to properly train and supervise officers in techniques of proper property searches and protecting the safety of occupants of a residence which is being searched.

c. The failure to discipline officers who violate the constitutional or law or otherwise violate the rights of occupants of homes being searched during their investigations.

75. The Board had acquired, before and during the time period of the search of Plaintiff's home, each of the policies, practices and customs listed in this Count.

76. These interrelated policies, practices and customs, separately and together, were implemented intentionally to deprive residents of homes being searched of their constitutional rights or, at the very least, were implemented with a recklessness or deliberate indifference to the rights of possible targets, including residents whose homes were being searched, and were a direct and proximate cause of the constitutional violations and injuries as set forth in Counts I, II, III and IV of this Complaint.

77. The Board failed to correct or change the inadequate policies, practices, customs, and procedures described above before and during the execution of the warrant to search for property on November 3, 2010, as described above.

78. As a result of Defendant's actions, Plaintiff is entitled to monetary relief for her actual damages and is entitled to punitive damages as the actions were intentional, and demonstrated a reckless disregard for human health of safety and deliberate indifference to plaintiff's constitutionally protected rights.

79. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

80. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

81. As a direct and proximate result of the Police Officer Defendants' unlawful conduct, endorsed by the Board Defendants' policies and procedures, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Police Officer Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and will continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

82. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

83. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, plaintiff prays for judgment to include actual and punitive damages in an amount exceeding $75,000 to be determined reasonable by a jury, her attorney's fees pursuant to 46 U.S.C. §1988 and for all other costs herein incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court will:

a. Award compensatory and punitive damages to Plaintiff, and against the defendants, jointly and severally, in excess of $75,000.

b. Award to Plaintiff her costs and reasonable attorney's fees, pre-judgment and post-judgment interest, all other damages allowed by law, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial under Federal Rule of Civil Procedure 38(b) on all issues triable as a matter of right.

WAGSTAFF & CARTMELL, LLP

By: /s/ John P. O'Conner
    John P. O'Conner, Mo. Bar # 32352
    4740 Grand Avenue, Suite 300
    Kansas City, MO 64112-2255
    Telephone:    816-701-1100
    Facsimile:    816-531-2372
    Email:    joconner@wcllp.com


By: /s/ Michael E. Waldeck
    Michael E. Waldeck Mo. Bar # 18977
    9393 W. 110th, Ste 500
    Overland Park, KS 66210
    Telephone:    913-451-6700
    Facsimile:    913-451-6750
    Email:    mwaldeckkc@yahoo.com

ATTORNEYS FOR PLAINTIFF